PAUL CATALANO *v.* FRANK L. FALCO ET AL.
(AC 22586)

Schaller, Bishop and Flynn, Js.

Submitted on briefs October 31—officially released December 10, 2002

*Douglas A. Casale* and *Larry R. Levine* filed a brief for the appellant (named defendant).

*Jeffrey L. Ment* and *Andrew Crumbie*, legal intern, filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this personal injury action, the defendant Frank L. Falco[1] appeals from the judgment in favor of the plaintiff, Paul Catalano, following a jury trial. On appeal, the defendant claims that the court improperly (1) allowed the expert testimony of the plaintiff's witness regarding the possibility that the

---

[1] Roger C. Jones also was named as a defendant. Because Jones has not appealed, we refer in this opinion to Falco as the defendant.

plaintiff's condition might require surgery at some future date and (2) denied his motion for a continuance of the trial date. We affirm the judgment of the trial court.

The following facts are relevant to our disposition of the defendant's appeal. This action arose out of automobile collision that occurred on or about May 5, 1998. As a result of that accident, the plaintiff sustained injuries that prompted him to seek medical attention from several medical specialists, including Gerald J. Becker, an orthopedic surgeon.

On May 3, 2001, the plaintiff filed his disclosure of expert witnesses. That disclosure indicated that Becker was expected to testify concerning his examination, diagnosis and treatment of the plaintiff. The substance of the facts about which Becker was expected to testify was in accordance with his treatment notes and evaluation and consultant reports. Those materials had previously been provided to the defendant's counsel as part of the discovery process.

Jury selection began on July 24, 2001, and concluded on July 27, 2001. The defendant claims to have learned for the first time on July 24, the first day of jury selection, that Becker's testimony would address the possibility of future back surgery for the plaintiff. On July 26, 2001, the defendant filed a motion for a protective order and a motion in limine to preclude testimony or evidence from Becker regarding future medical treatment, the necessity of surgery and disability ratings assigned to the plaintiff. In those motions, the defendant argued that the disclosure of Becker did not comply with the requirements set forth in Practice Book § 13-4 and that his deposition should be barred and no testimony or evidence from him should be admitted at trial.

The plaintiff filed objections to both of the defendant's motions. Following oral argument on the

motions, the court found that the disclosure of Becker's testimony had been adequate for the purpose of providing notice to the defendant. The court also declined to prevent the scheduled deposition of Becker, stating that any evidentiary matters raised during the deposition would be addressed later.

With the presentation of evidence scheduled to begin on August 1, 2001, the defendant, on July 30, 2001, filed a motion to continue the trial date for three months until November 1, 2001. The court denied that motion following oral argument. At the conclusion of the trial, the jury, after hearing all the evidence, returned a verdict for the plaintiff in the amount of $60,000.

I

The defendant first claims that the court improperly admitted into evidence the testimony of the plaintiff's expert witness, whom the defendant claims was not disclosed properly in accordance with Practice Book § 13-4 (4). We disagree.

"Our standard of review for evidentiary matters allows the trial court great leeway in deciding the admissibility of evidence. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done." (Internal quotation marks omitted.) *Mojica* v. *Benjamin*, 64 Conn. App. 359, 365, 780 A.2d 201 (2001).

"It is a fundamental rule of appellate procedure in the review of evidential rulings, whether resulting in the admission or exclusion of evidence, that an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." (Internal quotation marks omitted.) *State* v. *Tinsley*, 59 Conn. App. 4, 10, 755 A.2d 368, cert. denied, 254 Conn. 938, 761 A.2d 765 (2000). "We have often

stated that before a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . When determining that issue in a civil case, the standard to be used is whether the erroneous ruling would likely affect the result." (Internal quotation marks omitted.) *Ormsby* v. *Frankel*, 54 Conn. App. 98, 108, 734 A.2d 575 (1999), aff'd, 255 Conn. 670, 768 A.2d 441 (2001). Moreover, "[i]t is well recognized that any error in the admission of evidence does not require reversal of the resulting judgment if the improperly admitted evidence is merely cumulative of other validly admitted testimony." (Internal quotation marks omitted.) *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 466–67, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

The issue is whether the court abused its discretion by allowing testimony from the plaintiff's expert, Becker, over the defendant's objection and claim that the testimony exceeded the scope of the plaintiff's disclosure. Practice Book § 13-4 (4) provides in relevant part that "any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection . . . such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party . . . or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

In the present case, the plaintiff's disclosure complied with the requirements of Practice Book § 13-4. The plaintiff's disclosure of Becker as an expert witness clearly indicated that he was expected to testify in

accordance with his treatment notes and evaluation and consultation reports, which had previously had been provided to the defendant.[2]

Becker's evaluation report, dated April 29, 1999, concludes with the following recommendation: "At the present time, I would recommend continued conservative treatment consisting of lumbar stabilization exercises and anti-inflammatories, such as Celebrex. If this fails to control pain and he remains significantly symptomatic, I would recommend a trial of a polypropylene TLSO. If this fails to adequately resolve symptoms, then he would need to consider the option of decompression and fusion at L4-5." We agree with the court that the references to decompression and fusion clearly and unequivocally indicate the possibility of surgery. See *Dept. of Social Services* v. *Saunders*, 247 Conn. 686, 689, 724 A.2d 1093 (1999) (defendant's decedent underwent surgical procedure known as cervical fusion); *Marchetti* v. *Ramirez*, 240 Conn. 49, 51, 688 A.2d 1325 (1997) (neurosurgeon performed cervical disc removal, fusion on plaintiff); *Samose* v. *Hammer-Passero Norwalk Chiropractic Group, P.C.*, 24 Conn. App. 99, 101, 586 A.2d 614 (plaintiff underwent surgery for removal of two extended disc fragments, decompression of spine), cert. denied, 218 Conn. 903, 588 A.2d 1079 (1991). Accord-

---

[2] The plaintiff provided in relevant part the following disclosure, dated May 2, 2001, to the defendant: "Gerald Becker, M.D., Orthopedic Associates of Hartford, 85 Seymour Street, Hartford, CT 06105.

"Subject Matter of Testimony: Becker, an orthopedic surgeon, is expected to testify concerning his examination, diagnosis and treatment of [the plaintiff].

"Substance of the Facts and Opinions to which the Expert is Expected to Testify: Becker is expected to testify substantially in accordance with his treatment notes and evaluation and consultation reports, all of which have been provided to defendant's counsel.

"Summary of the Grounds for Each Opinion: The grounds for Dr. Becker's opinion are his examination and treatment of the plaintiff and his education and professional training, including but not limited to, his experience as an orthopedic surgeon."

ingly, we conclude that the court did not abuse its discretion in admitting Becker's testimony and evidence of the possibility of future surgery.

## II

The defendant next claims that the court improperly denied his motion for a continuance. "Our review of the denial of a motion for a continuance by the trial court is limited to the abuse of discretion standard. . . . Accordingly, we will make every reasonable presumption in favor of the correctness of the court's ruling and will reverse its judgment only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of the trial." (Citations omitted; internal quotation marks omitted.) *Sullivan* v. *Yale-New Haven Hospital, Inc.*, 64 Conn. App. 750, 756, 785 A.2d 588 (2001).

Our review of the record reveals that the court did not abuse its discretion in denying the defendant's motion for a continuance. As we concluded in part I, the defendant had notice that the testimony of the plaintiff's expert, Becker, likely would include testimony about the possibility of future surgery. The defendant received Becker's report in November, 1999. That report explicitly referred to the possibility that surgery might be required. Further, during the plaintiff's deposition in December, 2000, the plaintiff testified that Becker had informed him that he would require an operation if his condition did not improve.[3] In its memorandum of decision, the court noted that although

---

[3] The following colloquy took place:

"Q: When you saw Dr. Becker back in April of 1999, did he speak with you about the possibility of surgery on your back?

"A: He said that if I got worse, he would perform an operation. He said he preferred not to. He said we'd wait as long as we could, and that Dr. [Carrie M.] Hartney would help me for now, do what she says."

responses during a deposition do not constitute disclosures pursuant to Practice Book § 13-4, it was considering the relevant statements "in the context of the defendant's claim that he was a victim of trial by ambush."

Despite the fact that the defendant received Becker's report nineteen months prior to trial and had deposed the plaintiff seven months prior to trial, the defendant waited until the very eve of trial to request a continuance. Under the circumstances, we cannot conclude that the court abused its discretion in finding that the defendant had ample notice of the evidence to be introduced and denying the defendant's request.

The judgment is affirmed.