EDWIN C. ST. GERMAIN *v.* GARY LABRIE ET AL.
(AC 28380)

Lavine, Beach and Peters, Js.

Argued March 13—officially released June 24, 2008

*Edwin C. St. Germain,* pro se, the appellant (plaintiff).

*Gary LaBrie,* pro se, and *Charles Zuch,* pro se, the appellees (defendants).

### Opinion

BEACH, J. In this action for injunctive relief, the pro se plaintiff, Edwin C. St. Germain, appeals from the judgment of the trial court dismissing the action against the defendants, Gary LaBrie, Richard Barber, Charles Zuch and Patricia Startz, for lack of subject matter jurisdiction. On appeal, the plaintiff claims that the court improperly (1) dismissed his complaint for lack of subject matter jurisdiction, (2) denied his motion for disqualification of the judicial authority and for a mistrial, (3) failed to rule on his motion for a continuance and (4) permitted an unsworn "witness" to "testify" at oral argument on the motions to dismiss filed by LaBrie and Zuch. With respect to the first issue, we conclude that the court properly dismissed the portion of the complaint in which the plaintiff sought to control the activities of persons on his alleged premises but improperly dismissed the portion of his complaint in which he sought to enjoin the defendants from damaging or removing his personal property located at the premises. We are not persuaded by the plaintiff's other claims on appeal. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In December, 2005, the plaintiff brought a complaint against the defendants, his former roommates, in which he alleged that he had purchased a twenty room house in Norwich in 1997 and subsequently sold it to a business partner. He claimed that he continued to reside in the house and that he rented out several rooms. He further claimed that he had been involved in a physical altercation with one of the individuals renting a room and that, as a result, a protective order was issued against him prohibiting him from returning to the house for eight years. In his complaint, the plaintiff essentially seeks to control the activities of persons on the premises and to enjoin all of the defendants from damaging or removing his personal property located at the house.

LaBrie and Zuch filed separate motions to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. On April 3, 2006, the court, *Hon. D. Michael Hurley*, judge trial referee, granted the motions to dismiss without a memorandum of decision. The plaintiff thereafter, on December 22, 2006, filed an appeal from the granting of the motions to dismiss.

On January 10, 2007, the trial court issued an order stating that pursuant to Practice Book § 10-33, the action was dismissed. The court also prepared a judgment file indicating that the entire action was dismissed for lack of subject matter jurisdiction. The plaintiff then filed an amended appeal on January 26, 2007, seeking to challenge the court's January 10, 2007 "alteration of [the] judgment . . . ." Additional facts will be set forth as necessary.

I

The plaintiff claims that the court improperly dismissed his complaint for lack of subject matter jurisdiction. The plaintiff seems to divide this claim into two

parts. He claims first that the court improperly granted the motions to dismiss filed by LaBrie and Zuch and, second, that the court improperly thereafter dismissed the entire action sua sponte against all defendants. We agree with both of the plaintiff's claims but only with respect to the portion of his complaint concerning his personal property and not with respect to the portion of his complaint seeking to control the activities of persons on the premises.

We first set forth our standard of review. The standard of review of a challenge to a court's granting of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Chiulli* v. *Zola*, 97 Conn. App. 699, 703–704, 905 A.2d 1236 (2006).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific, personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Wesley* v. *Schaller Subaru, Inc.*, 277 Conn. 526, 538, 893 A.2d 389 (2006).

A

The plaintiff first claims that the court improperly granted the motions to dismiss filed by LaBrie and Zuch. We agree in part and disagree in part.

We begin our analysis by noting that the court had before it arguable short calendar motions to dismiss. There was no evidentiary hearing, and the file reveals no request for one, nor were affidavits filed by LaBrie and Zuch with their motions to dismiss. In this context, we consider only the complaint and facts necessarily implied from the complaint in deciding the motion. In the absence of any disputed issues of fact pertaining to subject matter jurisdiction, our review is plenary. See *Fennelly* v. *Norton*, 103 Conn. App. 125, 139 n.11, 931 A.2d 269, cert. denied, 284 Conn. 918, 931 A.2d 936 (2007).

We first address the portion of the plaintiff's complaint seeking to control the activities of persons on the premises. The plaintiff has failed to allege facts in his complaint sufficient to establish standing, and, therefore, we conclude that the court properly dismissed that portion of the plaintiff's complaint for lack of subject matter jurisdiction. Specifically, we conclude that the plaintiff has not alleged facts sufficient to meet the first prong of the test for classical aggrievement. The plaintiff alleges in his complaint that he sold the house in 1997 to a business partner, who thereafter held title to the property.[1] Because the plaintiff, in effect, acknowledged that he was not an owner, he lacks standing with respect to these claims.[2] Accordingly, we conclude that the court properly granted LaBrie's and Zuch's motions to dismiss for lack of subject matter jurisdiction with respect to the portion of the plaintiff's complaint in which he sought to control the activities of persons on the premises.

We next address the portion of the plaintiff's complaint seeking to enjoin the defendants from damaging or removing his personal property. We conclude that the court improperly dismissed that portion of the plaintiff's complaint for lack of subject matter jurisdiction. We find nothing in the record indicating that the court lacked the authority to hear this particular type of legal controversy. Specifically, we note that the plaintiff has standing with respect to that portion of his complaint. In his complaint, the plaintiff seeks to enjoin the defendants from damaging or removing his personal property, which, undisputedly, was located at the house.

[1] The plaintiff also alleges in his complaint that he held an agreement to repurchase the property. Under the circumstances of this case, this alleged fact does not affect our analysis.

[2] We note that at the time of the court's April 3, 2006 decision, another trial court, *Schimelman, J.*, on December 21, 2005, previously had dismissed a summary process action brought by the plaintiff, concluding that the plaintiff lacked standing to evict the tenants of the property.

"[T]he actual owner of personal property is a proper plaintiff in an action for damage to or loss of such personal property . . . ." 59 Am. Jur. 2d 444, Parties § 39 (2002). When construing the complaint in the light most favorable to the pleader, we conclude that the plaintiff has met both prongs for showing classical aggrievement. In his complaint, he has alleged facts sufficient to support a finding that he has a specific, personal and legal interest in his personal property and also has alleged that his specific personal and legal interest in his property specifically and injuriously has been affected by the challenged action.

B

The plaintiff also argues that the court improperly dismissed the entire action sua sponte against all defendants on January 10, 2007, for lack of subject matter jurisdiction. Specifically, he claims that the court improperly "altered the original [April 3, 2006] judgment" by dismissing the entire action against all defendants on January 10, 2007. "[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, *or by the court, sua sponte,* at any time." (Emphasis in original; internal quotation marks omitted.) *Commissioner of Transportation* v. *Larobina,* 92 Conn. App. 15, 28, 882 A.2d 1265, cert. denied, 276 Conn. 931, 889 A.2d 816 (2005); see also Practice Book § 23-29. We reiterate that because "[a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14,* 285 Conn. 278, 286, 939 A.2d 561 (2008). We conclude that the same reasoning that applies to LaBrie and Zuch applies with respect to the remaining defendants. Accordingly, we conclude that with respect to all of the defendants, the court

properly dismissed the plaintiff's complaint as to the portion that sought to enjoin the defendants from damaging the house itself and from permitting other persons' access to the house but improperly dismissed the complaint as to the portion seeking to enjoin the defendants from damaging or removing his personal property located at the house.

## II

The plaintiff next appears to claim that the court improperly denied his motion for disqualification of the judicial authority and for a mistrial. We disagree.

Practice Book § 1-22 (a) provides in relevant part: "A judicial authority shall, upon motion of either party or upon its own motion, be disqualified from acting in a matter if such judicial authority is disqualified from acting therein pursuant to Canon 3 (c) of the Code of Judicial Conduct . . . ." "[C]anon 3 of the Code of Judicial Conduct requires a judge to disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 527, 911 A.2d 712 (2006).

"The standard for determining whether a judge should recuse himself or herself pursuant to canon 3 (c) is well established. The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. . . . The standard for appellate review of whether the facts require disqualification is whether the court's discretion has been abused." (Internal quotation marks omitted.) *Sabatasso* v. *Hogan*, 91 Conn. App. 808, 825–

26, 882 A.2d 719, cert. denied, 276 Conn. 923, 888 A.2d 91 (2005).

Our review of the plaintiff's grounds for disqualification that he asserted in his motion, and briefed on appeal, reveal that the grounds asserted amount to nothing more than claims that the court's rulings were improper.[3] "[A]dverse rulings by the judge do not amount to evidence of bias sufficient to support a claim of judicial disqualification." *State* v. *Bunker*, 89 Conn. App. 605, 613, 874 A.2d 301 (2005), appeal dismissed, 280 Conn. 512, 909 A.2d 521 (2006). Accordingly, we conclude that the court did not abuse its discretion in denying his motion.

## III

The plaintiff next claims that the court improperly failed to rule on his motion for a continuance. We disagree.

"When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citation omitted; internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 451–52, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

[3] The plaintiff also claims that the court failed to read his motion before ruling on it. Absent some indication in the record to the contrary, we presume that the court acted properly in the performance of its duties, including reading the plaintiff's motion, and thus reject this claim. See *Rosenblit* v. *Danaher*, 206 Conn. 125, 134, 537 A.2d 145 (1998) ("as to judges and courts, under the law of evidence, it is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed, the presumption of regularity attending the acts of public officers being applicable to judges and courts and their officers" [internal quotation marks omitted]).

On April 3, 2006, the plaintiff made an oral motion for a continuance. The plaintiff argued that he had a separate case pending in which he sought to evict certain individuals from the house, including LaBrie and Zuch, and that a continuance should have been granted so that the eviction case could be heard first. After hearing arguments from both sides, the court determined that it would "take the papers and decide the case."

Contrary to the plaintiff's assertion, the court did not fail to rule on his motion for a continuance. Instead, the court implicitly denied the motion when it had the parties proceed with their arguments despite the plaintiff's request for a continuance and when it determined, at the conclusion of arguments, that it would "take the papers and decide the case."

The plaintiff offered no evidence or explanation as to why he was unable to proceed in the present case. The court was within its discretion to deny the continuance when there was no evidence that the plaintiff would be unable to proceed in this matter because of other pending matters or for any other stated reason. See, e.g., *Catalano* v. *Falco*, 74 Conn. App. 86, 91, 812 A.2d 63 (2002) (review of denial of motion for continuance limited to abuse of discretion standard).

## IV

The plaintiff last claims that the court improperly permitted a third party, Jack Ross, to speak in open court during oral argument on April 3, 2006. Specifically, the plaintiff claims that the admission of this "witness' testimony" was improper because (1) Ross was permitted to "testify" without first having been administered an oath, (2) the court, rather than the parties, posed questions to Ross and (3) the plaintiff was not permitted to cross-examine Ross.[4] If there was any impropriety, we conclude that it constituted harmless error.

---

[4] In this regard, the plaintiff argues as though the oral argument on the motions to dismiss was an evidentiary hearing; it was not.

When hearing oral argument on the defendants' motions to dismiss, the court asked: "Is the owner [of the house] here?" Ross was present at the hearing and responded to the court's question. He stated that his wife owned the property but acknowledged that the plaintiff's personal property still was then on the premises.

"[T]he standard in a civil case for determining whether an improper ruling was harmful is whether the . . . ruling [likely] would [have] affect[ed] the result." (Internal quotation marks omitted.) *Prentice* v. *Dalco Electric, Inc.*, 280 Conn. 336, 358, 907 A.2d 1204 (2006), cert. denied, 549 U.S. 1266, 127 S. Ct. 1494, 167 L. Ed. 2d 230 (2007). There is no indication that Ross' being permitted to speak affected the result. The facts relevant to subject matter jurisdiction and standing, namely, that the plaintiff was not the owner of the house but owned property that was at the house, were undisputed. The plaintiff alleged these undisputed facts in his complaint. Ross did not say anything that was inconsistent with those facts. The plaintiff has not shown any harm.

Although we affirm the portion of the judgment in which the trial court dismissed the plaintiff's claims in which he sought to control the activities of others on the premises, we reverse the portion of the judgment in which the trial court dismissed the plaintiff's claims concerning his personal property and we remand the case to the trial court for further proceedings consistent with this opinion.

The judgment is reversed only with respect to the plaintiff's claim concerning his personal property and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.