**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CUONG PHAM, | |
| Appellant | No. 2207 EDA 2018 |

Appeal from the PCRA Order Entered June 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014307-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 07, 2019**

Appellant, Cuong Pham, appeals *pro se* from the post-conviction court's June 15, 2018 order dismissing his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of Appellant's underlying convictions, and we need not reiterate that discussion for purposes of this appeal.  **See** PCRA Court Opinion (PCO), 11/21/18, at 1-4.  Appellant filed the *pro se* PCRA petition at issue herein on December 7, 2017.  Counsel was appointed, but instead of filing an amended petition on Appellant's behalf, counsel filed a **Turner/Finley**[1] 'no-merit' letter and

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition to withdraw. On May 18, 2018, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, to which he filed a *pro se* response, as well as an amended PCRA petition. However, on June 15, 2018, the PCRA court issued an order dismissing Appellant's petition and granting counsel's request to withdraw.

Appellant filed a timely, *pro se* notice of appeal. The PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant, however, did not file any Rule 1925(b) statement but, instead, he filed two additional, *pro se* amended petitions. On November 21, 2018, the PCRA court issued a Rule 1925(a) opinion.

Herein, Appellant presents twelve issues for our review in the "Statement of the Questions" portion of his brief, yet he delineates only two separate claims in his "Argument" section. **See** Appellant's Brief at 2-3 ("Questions Presented for Review"); **id.** at 11-15 ("Argument"). Consequently, Appellant has failed to comply with Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctively displayed - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). The two claims set forth in Appellant's "Argument" section are the following:

> [I.] Base[d] upon the legislative intent, for an individual to be convicted under the statue [*sic*] 18 Pa.C.S.[] § 5902(3), the individual must do more than make an offer to another person for sexual activity: the individual must undertake acts the [*sic*] demonstrate he has hired that person to perform a sexual act.

[II.] [Appellant's] action of soliciting for ... sexual activity without money exchanging hands or him undertaking further action that would demonstrate he has hired an individual does not constitute "hire" under the statute 18 Pa.C.S.[] § 5902(e), and thus[,] the evidence proffered at trial was insufficient to sustain his conviction.

**See** Appellant's Brief at 12, 13.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In the case *sub judice*, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the thorough opinion of the Honorable Daniel D. McCaffery of the Court of Common Pleas of Philadelphia County. We conclude that Judge McCaffery's well-reasoned opinion accurately disposes of the issues presented by Appellant. Accordingly, we adopt his opinion as our own and affirm the order dismissing Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/19

- 3 -

IN THE COURT OF COMMON PLEAS PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA

v.

CUONG PHAM

: PHILADELPHIA COURT
: OF COMMON PLEAS
: CRIMINAL TRIAL DIVISION
:
: CP-51-CR-0014307-2011
:
:
:
:
:
:

CP-51-CR-0014307-2011 Comm. v. Pham, Cuong
Opinion

8192428381

**FILED**

**NOV 2 1 2018**

Appeals/Post Trial
Office of Judicial Records

OPINION

## MCCAFFERY, J

Cuong Pham (hereinafter "Appellant") appeals from an order denying him relief pursuant

to the Post-Conviction Relief Act (hereinafter PCRA). 42 Pa.C.S. § 9541 *et seq.* For the reasons

set forth below, it is suggested that the order be affirmed.

## PROCEDURAL HISTORY

On March 23, 2015, following a waiver trial, Appellant was found guilty of Patronizing

Prostitutes, graded as a misdemeanor of the third degree, pursuant to 18 Pa.C.S. § 5902(e).[1]

Following the verdict Appellant waived the preparation of pre-sentence reports and this Court

imposed a sentence of time served to twelve months' incarceration. After the imposition of

sentence, Appellant filed a motion for reconsideration of sentence, which this Court denied on

May 22, 2015. Appellant then filed a notice of appeal. On November 22, 2016, the Superior

Court affirmed the judgment of sentence. Commonwealth v. Pham, 159 A.3d. 595 (Pa. Super.

2016). A petition for allowance of appeal followed and on September 8, 2017, the Pennsylvania

---

[1] Appellant was originally tried by a jury in June of 2012 and was convicted of the above offense. On April 22,
2014, the Superior Court granted him a new trial. Commonwealth v. Pham, 2583 EDA 2012.

1

Supreme Court denied the petition. Commonwealth v. Pham, 170 A.3d. 1033 (Pa. 2016).

On December 7, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent him and on May 17, 2018, counsel filed a no-merit letter pursuant to Finley v. Pennsylvania, 481 U.S. 551 (1987), and Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and a Motion to Withdraw as Counsel. After this Court carefully and assiduously reviewed the entire record, it sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss on May 18, 2018, upon finding that Appellant could not obtain PCRA relief because he was no longer serving a sentence. Appellant responded to the notice by letter dated May 29, 2018. In his letter he raised issues involving the scheduling of the PCRA and asserted that he did not request the appointment of PCRA counsel. On June 11, 2018, he filed an amended *pro se* PCRA petition wherein he argued that he should be entitled to equitable post-conviction collateral relief because no one explained to him that he could not obtain PCRA relief if his sentence had expired.

On June 15, 2018, after again reviewing the entire record, this Court issued an order dismissing Appellant's PCRA petition without a hearing and granting PCRA counsel's motion to withdraw. On June 10, 2018, Appellant filed a *pro se* notice of appeal from the June 15, 2018 order. Although ordered to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, Appellant filed two pro se amended PCRA petitions on August 27, 2018, and September 7, 2018. As best that can be discerned, Appellant again argued that he never requested the appointment of PCRA counsel and that he never signed a contract with appointed counsel. He also claimed that he should have been granted relief because he is actually innocent, the evidence was insufficient to sustain his conviction, counsel forced him to waive his right to a jury trial, and there is a restraint on his liberty due to his inability to scrub the memory of his conviction from his mind.

2

## FACTUAL HISTORY

On December 9, 2010, at about 12:30 a.m., Philadelphia Police Officer Stephanie Rosenbaum and other officers were in the 1800 block of East Sergeant Street investigating activity related to prostitution because of a string of murders of prostitutes in the area. (N.T. 3/23/15, 12-13). Officer Rosenbaum's role was to act as a decoy. (N.T. 3/23/15, 12-13). While doing so, a brown Nissan Maxima pulled up to her and the driver, the Appellant herein, told the officer that he wanted a "blowjob." (N.T. 3/23/15, 13). Officer Rosenbaum asked Appellant how much he was willing to pay and he said, "$20.00" Id. Officer Rosenbaum contacted members of her back-up team who placed Appellant under arrest.

Appellant testified in his own defense. He stated that on the night of the incident he intended to visit a Vietnamese handyman who he wanted to hire to remove Appellant's property. According to Appellant, while looking for a parking spot, a woman approached and asked him what he wanted and if he had any money. (N.T. 3/23/15, 24-27, 39-40). He asked her what she wanted and told her to leave. (N.T. 3/23/15, 12-13). Appellant denied that he was looking for oral sex that night or that he asked the officer for a blowjob, (N.T. 3/23/15, 25, 39-40), adding that his wife was in the car when the officer approached but had exited to meet the handyman before he was arrested. (N.T. 3/23/15, 42).

Jane Huynh, Appellant's wife, also testified in his defense. She indicated that on the night of her husband's arrest, she drove to the area where the incident occurred to meet her husband who was planning to meet with a handyman. (N.T. 3/23/15, 61, 64). When Appellant arrived, she entered the passenger side back seat of Appellant's car, which had a large coffee pot and tools partially obscuring her. (N.T. 3/23/15, 61-62). While her husband was searching for a parking spot, a woman approached the car and said something to Appellant. (N.T. 3/23/15, 63-

3

64). Ms. Huynh told her husband that she did not want to be involved in what was occurring and told him to drive away. (N.T. 3/23/15, 64).

## DISCUSSION

Instantly, Appellant failed to comply with this Court's order directing him to file a 1925(b) Statement of Matters. Consequently, he waived appellate review of any claim he raises on appeal. Precedent in this Commonwealth firmly establishes that when an appellant is ordered to file a Rule 1925(b) statement, he or she must comply with Rule 1925(b)'s requirement in order to preserve issues for appeal, and that any appellate issues not raised in a compliant Rule 1925(b) statement will be deemed waived. See, e.g., Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998). It is noted that the Superior Court has held that this principle applies in PCRA proceedings. See Commonwealth v. Butler, 812 A.2d 631, 633 (Pa. 2002).

In a criminal case, however, Rule 1925 contemplates that not filing a timely Rule 1925(b) Statement may be deemed to be "*per se* ineffective." Pa. R.A.P. 1925(b)(3). Nevertheless, because Appellant represents himself on appeal that exception does not excuse Appellant's failure to comply with this Court's order. The Pennsylvania Supreme Court has held that where an individual insists on representing himself at any stage of criminal proceedings against him, that individual cannot later assert his own ineffectiveness on appeal. See Commonwealth v. Griffin, 644 A.2d 1167, 1171 (Pa. 1994) (adopting the Superior Court's standard with regard to *pro se* criminal defendants who represent themselves). Accordingly, it is respectfully suggested that the order appealed from be affirmed because Appellant waived appellate review by not filing the ordered 1925(b) statement.

To the extent that Appellant might be claiming that the issues set forth in the two PCRA petitions Appellant filed after this Court issued the 1925(b) order preserved the issues contained

4

therein for appellate review, he still would not be entitled to review. The law is clear that a defendant may not file a subsequent PCRA petition while a PCRA appeal is pending. Commonwealth v. Lark, 746 A.2d 585 (Pa. 2000). Therefore, the issues raised therein are a nullity.

Finally, and most importantly, this Court's order should be affirmed because, at the time Appellant filed his *pro se* PCRA petition, he no longer was serving a sentence. The Pennsylvania Supreme Court has clearly and unequivocally held that a defendant cannot obtain PCRA relief once his or her sentence has expired. Commonwealth v. Ahlborn, 699 A.2d 718 (Pa. 1997). That rule applies even in so-called "short sentence" cases. In Commonwealth v. Turner, 80 A.3d 754 (Pa. 2013), the Pennsylvania Supreme Court explained that "due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." Id. at 765. The Court explained its rationale as follows:

> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. Of course, the legislature was free to extend a statutory right of collateral review to individuals like Petitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.
>
> The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state

5

sentence. The legislature's exclusion from collateral relief of individuals whose liberty is no longer restrained is consistent with the eligibility requirements of habeas corpus review under the general state habeas corpus statute[.]

The PCRA provides eligibility for relief for cognizable claims, including claims of ineffective assistance of trial counsel, and is the sole means of obtaining collateral relief in Pennsylvania. Petitioners are required to satisfy, inter alia, the criteria for eligibility for relief, and the timeliness restrictions. By further limiting the eligibility for relief under the PCRA to petitioners serving sentences, our legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.

Turner, 80 A.3d at 766-67 (citations omitted).

Under the above authorities, it is suggested that Appellant be denied appellate relief and the order issued by this be affirmed.[2]

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the Order of this Court denying Appellant PCRA relief be affirmed.

BY THE COURT,

Date: November 21, 2018

Daniel D. McCaffery, J.

---

[2] It is noted that Appellant did not raise as an issue a claim that he never complained about never having requested that PCRA counsel be appointed to represent him until after this Court sent him the 907 notice. He also never directly requested permission to represent himself. Also, it is noted that there is no equitable or "sympathetic" exception to the requirement that a defendant must be serving a sentence to obtain PCRA relief. Finally, the appointment of counsel has no effect on the finding that Appellant could not obtain PCRA relief because he was no longer serving a sentence.

6

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery hereby certifies that on the 21st day of November, 2018, by first class mail, postage prepaid, a true and correct copy of the attached opinion was served upon the following:

Cuong Pham, Pro Se
3218 N.45th Street
Pennsauken, N.J. 08109

Lawrence J. Goode, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

James Molinari, Esquire

7