STATE OF CONNECTICUT *v.* MICHAEL BUNKER
(SC 17491)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued October 27—officially released November 21, 2006

*Kirstin B. Coffin*, special public defender, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Adam B. Scott*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Michael Bunker, appeals, following our grant of his petition for certification, from the judgment of the Appellate Court affirming

his conviction of sale of narcotics in violation of General Statutes § 21a-277 (a) and possession of narcotics in violation of General Statutes § 21a-279 (a).[1] *State* v. *Bunker*, 89 Conn. App. 605, 635, 874 A.2d 301 (2005). On appeal, the defendant claimed that the trial court improperly: (1) denied his motion for recusal of the judicial authority; (2) denied his motion to identify a confidential informant, a disclosure that was essential to his defense of entrapment; and (3) permitted the state to introduce evidence of other misconduct, specifically a subsequent drug sale. Id., 607. The Appellate Court rejected these claims in a comprehensive opinion. Id., 622, 628, 635. We subsequently granted the defendant's petition for certification limited to the following issue: "Did the Appellate Court properly conclude that the trial judge did not abuse her discretion in not recusing herself pursuant to Practice Book §§ 1-22 (a) and 1-23, and canon 3 (c) of the Code of Judicial Conduct?" *State* v. *Bunker*, 275 Conn. 903, 882 A.2d 677 (2005).

On appeal to this court, the defendant claims that the trial judge should have recused herself pursuant to canon 3 (c) of the Code of Judicial Conduct,[2] because

[1] The defendant was charged in a two part information, alleging that, for the purpose of sentencing, he was a repeat offender under §§ 21a-277 (a) and 21a-279 (a). *State* v. *Bunker,* supra, 89 Conn. App. 608. After the jury found the defendant guilty of the charges in the first part of the information, the trial court accepted his nolo contendere plea to the charges in the second count of the information, and sentenced him to a total effective sentence of thirty years imprisonment, execution suspended after twenty years, and five years of probation. Id.

[2] Canon 3 (c) of the Code of Judicial Conduct provides in relevant part: "(1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

"(A) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"(B) the judge served as lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . . ."

her impartiality reasonably could be questioned in connection with her former employment as the state's attorney for the judicial district of Tolland. Specifically, the defendant relies on: (1) the trial judge's supervisory role over the prosecutions that had led to his multiple prior convictions for the possession and sale of narcotics, which formed the basis of the second part of this information that enhanced his sentence in this case; see footnote 1 of this opinion; and (2) the trial judge's representation of the state at a 1992 proceeding to modify his probation arising from convictions unrelated to this case.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.